UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY LYNN WALDO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:14-CV-239-TAV-HBG |
|  | ) |  |
| JAMES BERRONG, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This is a prisoner's *pro se* civil rights action under 42 U.S.C. §1983. This matter is before the Court upon the postal return of an order the Court mailed to plaintiff at the address listed as his current address. The postal authorities returned the mail to the Court more than ten days ago with the envelope marked "Not at this address, RTS" [Doc. 19 p. 1]. Accordingly, it is clear that plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address, neither the Court nor defendants can communicate with him regarding his case. The Court previously warned plaintiff that failure to provide the Court and defendants of his correct address could result in dismissal of this action [Doc. 3 p. 2].

Accordingly, this action will be **DISMISSED**, *sua sponte*, for failure to follow orders of this Court and for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, No. 01-229234, 34

F.App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment will enter.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE